MARY COULBOURN *vs.* JOSEPH L. WOOTTON, JR., *Admr.*

DECEMBER 6, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is an action of assumpsit, in which the plaintiff sought to recover $2000 for personal services which

she alleged in her declaration were rendered by her to the defendant's intestate, Nathaniel B. Wootton.

In the first count of her declaration she alleged that the latter, "in his lifetime, between the      day of May, A. D. 1936 and the      day of May, A. D. 1942 hired and engaged the plaintiff to attend to, care for his home daily, cook and prepare his meals, nurse and in general take care of the deceased, without any special agreement as to price" but at his special instance and request, "with the express promise that at his death he would devise his estate together with all his personal property to the plaintiff in consideration of her services."

She alleged also that she thereupon entered into his service and "furnished all services necessary as to care, nursing, and in general all services in caring for his home"; that he deceased in 1942, she "rendering services to him even during his last illness"; and that he "left no will and therefore no provision was made to compensate the plaintiff for her services so rendered", which were reasonably worth $1560. Her declaration also contained a count in general assumpsit, which needs no separate discussion.

It is admitted that the decedent left no will; that the plaintiff filed in the probate court a claim based on the facts above stated; that this claim was disallowed in that court; and that she duly appealed to the superior court, in which court the defendant filed to her declaration a plea of non assumpsit.

The case was heard by a justice thereof, sitting without a jury, and a decision was rendered by him for the plaintiff for $200. To this decision each party took an exception and filed notice of intention to prosecute a bill of exceptions. The plaintiff filed such a bill, in which her exception to this decision was the only one stated, the grounds thereof being that the decision was contrary to the law and that it was contrary to the evidence and the weight thereof. The defendant filed no bill of exceptions, and the case is before us solely on the above-stated exception of the plaintiff. She

died before the case was heard in this court and that exception alone was relied on before us by the administrator of her estate.

The testimony was highly contradictory as to what and under what conditions domestic services were rendered by the plaintiff to the decedent. Her claim of $1560 was based on such services alleged to have been rendered by her to him at the rate of $5 per week, for six years after his wife's death. During this period she took care of her own home, her husband and several children. Her husband testified that she also performed domestic services for the decedent for a good many years after the latter's wife died, preparing his meals, mending his clothes, *etc.*, going to his home three or four times a day; and that several times he was told by Mr. Wootton that the latter intended to turn his property over to Mrs. Coulbourn. He admitted, however, that Mr. Wootton cooked for himself "now and then" and did some of his own shopping.

Several women testified for the plaintiff that she was at Mr. Wootton's house practically every day and often went there to do housework and returned to her own home to get her husband's dinner. One woman testified that Mr. Wootton told her in the presence of Mrs. Coulbourn that he did not have much, but that if anything happened to him he would leave his estate to her and she would be paid for her services then. On the other side, there were several witnesses who testified for the defendant that Mr. Wootton, after his wife's death, took care of himself, doing his own cooking, washing and shopping; that Mrs. Coulbourn did not perform regular services for him; and that he never told them that she was doing work for him.

This court has held in *Tillinghast* v. *Harrop*, 63 R. I. 394, 410, as follows: "It is well settled that a court should not enforce an alleged contract by one person to leave property to another by will, unless proved by clear and convincing evidence."

A very convincing piece of evidence in favor of the defend-

ant in this case is his exhibit 3, which is a letter written by the decedent Wootton on June 16, 1939, from his home in Providence, to his niece Grace E. Brown. In it he wrote: "I Had a Terrible Spell of Sickness and here alone had to Make the best of it you are Blessed to Have your husband with you. I had No one to look to for help."

After careful consideration we are of the opinion that the trial justice was not wrong in finding that the plaintiff was entitled to recover no more than the amount of $200, which he awarded to her.

The plaintiff's exception is overruled, and the case is remitted to the superior court with direction to enter judgment in favor of the plaintiff on the decision.

*Everett D. Higgins,* for plaintiff.

*Charles H. Drummey,* for defendant.